UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN M. SOLBERG,

          Petitioner,

      v.                            Case No. 23-C-570

UNITED STATES OF AMERICA,

          Respondent.

## SCREENING ORDER

On August 19, 2022, John M. Solberg entered guilty pleas to fifteen counts of wire fraud contrary to 18 U.S.C. §§ 1341 and 2. He was sentenced to 30 months imprisonment, three years of supervised release, and ordered to pay over $290,000 (later increased to over $300,000) in restitution. Judgment was entered on January 9, 2023, and an amended judgment was entered on February 2, 2023. On May 4, 2023, Solberg filed a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2255.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Rule 4, Rules Governing § 2255 Proceedings. During my initial review of a motion for habeas relief, I look to see whether the movant has set forth cognizable constitutional or federal law claims.

From the record before the court, it appears that Solberg currently has an appeal pending before the Seventh Circuit. While there is no bar to filing a § 2255 motion while an appeal is pending, *DeRango v. United States*, 864 F.2d 520 (7th Cir. 1988), "[t]he well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions wile a direct appeal is pending." *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993). The purpose of this rule is to avoid unnecessary or potentially duplicative litigation. *See Robinson*, 8 F.3d at 405.

Solberg asserts a claim of ineffective assistance of trial counsel and challenges the constitutionality of his plea. He has not alleged any extraordinary circumstances requiring that the court consider his § 2255 motion while his direct appeal is pending. "Section 2255 motions, involving ineffective assistance of counsel claims, are subject to the same general rule as all other § 2255 motions; they are not to be entertained by the district court unless extraordinary circumstances are present." *Id.* at 406. Solberg's § 2255 motion will therefore be denied as premature. As the court does not reach the merits of Solberg's claims, this order is not a decision on the legality of his detention for purposes of 28 U.S.C. § 2244(a). Thus, Solberg may later file another § 2255 motion without it being a "second or successive" motion under 28 U.S.C. §§ 2244(b) and 2255(h).

**IT IS THEREFORE ORDERED** that Solberg's motion for relief pursuant to § 2255 is **DENIED as premature**. This action is dismissed without prejudice. Solberg may file a new § 2255 motion after the resolution of his pending appeal before the Seventh Circuit. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 9th day of May, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

2